On behalf of the Appalachians, Mr. Gary Peterson. On behalf of the Appalachians, Mr. Scott Jacobson. Good afternoon, gentlemen. You'll notice the empty chair. Justice Hutchinson will be participating as part of our panel. She was unable to be here this afternoon with a short notice. But as you know, we are recording all of the arguments and she'll have access to this by the end of today. So proceed when you're ready. Thank you, Your Honor. May it please the court. My name is Gary Peterson. I'm an assistant appellate defender. And I'm here on behalf of the petitioner appellant, Junelle Morgan. This is an appeal from the first stage dismissal of Mr. Morgan's petition for post-conviction relief. The trial court found that the allegations contained in the petition were frivolous. And that issue has been briefed by the parties. Following briefing, the state filed a motion to dismiss based on this court's recent decision in People v. Carr, which held that a petition must be notarized to be bailed. The state has since withdrawn the motion. And in the meantime, this court set oral argument and directed the parties to discuss the Carr decision. Along with this court's earlier decision in People v. Rivera, as they pertain to Section 1-109 of the Code of Civil Procedure. And with that in mind, I will cut to the chase. In this case, the defendant's petition and his supporting affidavit were not notarized. But they were certified pursuant to 1-109, which provides for verification by certification in civil cases. And that statute provides that any affidavit filed in civil proceedings in accordance with Section 1-109 may be used in the same manner as a notarized affidavit. So in Rivera, 2003, based on 1-109, this court held that certification is the equivalent of a notarized affidavit for purposes of post-conviction proceedings. Rivera is consistent with cases from our Illinois Supreme Court which have recognized that proceedings in post-conviction petitions are civil in nature. Now, in Carr, which came out, I believe, a few months ago, this court held that post-conviction petitions and affidavits must be notarized to be valid. However, the court also recognized an exception to that rule, must be notarized unless otherwise provided for by a specific Supreme Court rule or statutory authorization. Section 1-109 applicable to post-conviction proceedings provides specific statutory authorization for certification. I would note that Section 1-109 was not addressed in the Carr decision. In this case, the defendant's petition and the supporting affidavit were certified pursuant to Section 1-109. 1-109 provides for certification in lieu of notarization in civil proceedings. Post-conviction proceedings are civil in nature. Therefore, under both Rivera and Carr, the certification is for valid in this case. As a practical matter, certification in lieu of notarization makes sense. Certification under 1-109 is made under the penalty of perjury. It serves the same purpose as an affirmation before a notary. And under 1-109, a false statement in a certified affidavit subject to the same penalty as a false statement in a notarized affidavit, a Class 3 felon. In addition, I think, as a practical matter, prisoners often lack readily available access to a notary. In fact, I've had one client, or we've had clients, who have told us the Department of Corrections has refused to notarize affidavits. With all due respect, isn't this an argument that you ought to be making to the legislature that they should change it rather than asking us to basically change the law? It is. We're not unaware that the Department of Corrections, I'm sure that the guards and the warden is not here. Here's your affidavit. Can I help you out here? I appreciate that, but it sounds like that's where your argument belongs. I agree with you where the statute is clear. It is clear, I think, in this case, just based on Section 1-09 and the Supreme Court cases saying it is applicable to civil proceedings. So you're right. With the court's indulgence, I have a few minutes remaining.  Both his petition and his affidavit, which he improperly entitled Motion to Withdrawal Plea, but it was an affidavit in Roth, cited in Carr. The court recognized that an affidavit said a substance and not the title. Whatever it's called, it's still an affidavit. So in those documents, he alleged that he was not mentally fit. He averted he had mental problems. He was on medication at the time of his plea. He did not understand the proceedings. The record reveals that he raked counsel in an appropriate plea to murder in return for 50 years imprisonment. He did not file a post-plea motion and he did not file a direct appeal. During the plea proceedings, it was revealed that he was on medication at Price Daily Regiment for both anxiety and depression, morning and night. It was not determined what type of medication. And I would suggest that whereas here you have a pro se defendant pleading guilty to murder, and it comes out during the plea proceedings that he is on a Price Daily Medication Regiment, it should raise a red flag, especially in light of his behavior during the course of the proceedings in this case, where he, as the state has acknowledged, his behavior was erratic throughout the proceedings. And I'm sure the state will know that at times he was lucid, but other times he was irrational and disruptive. He threatened to kill an investigator. He was held in contempt for threatening the judge. During the sentencing hearing, the PSI revealed indicated a history of mental problems, yet there was no inquiry even then into his mental fitness. I would suggest that a reading of the record, it's hard not to have some doubt about the defendant's mental fitness in this case. And even assuming none of the factors I mentioned in and of themselves would require an inquiry into fitness, I would suggest when viewed together, they at least give rise to the gist of a constitutional claim. For those reasons, I would ask this court to remand this cause, appoint counsel, and allow the proceedings to proceed to the second stage. Whether the defendant can then make a substantial showing that he was unfit will remain to be seen. Thank you. Thank you very much. Counsel, do you wish to argue?  Proceed when you're ready. Good afternoon, Your Honors. There were essentially three reasons to affirm the trial court's dismissal of the defendant's post-conviction petition. The first, obviously the reason this court called the oral argument, is because of the defendant's failure to comply with section 122-1B of the Post-Conviction Hearing Act. The second deals with defendants of record claims in that defendant has waived those claims by pleading guilty and failing to seek a direct appeal. And the third relates to defendants beyond the face of the record claims in that defendant made a claim that is essentially beyond the face of the record and then failed to attach under section 122-2, supporting affidavits or other documentation that would corroborate his allegations. However, I believe this court is primarily concerned with the section 122-1B allegation that the state has made after briefing was completed in this case and when this court issued its decision in Carr. The Carr decision stands for an essential proposition that when the legislature used the word affidavit in the Post-Conviction Hearing Act, which was an unvaried amendment since the Post-Conviction Hearing Act was passed in 1949 to present day, the legislature meant the word affidavit as was interpreted by the Supreme Court in Roth. Now to the extent that the defendant is attempting to rely on this court's decision in Rivera, I would submit that this court's decision in Rivera was an anomaly. In Rivera, this court said that a sworn verification can essentially substitute for an affidavit. That is incorrect. All affidavits are verifications, but not all verifications are affidavits. An affidavit requires a person to make out a verified statement to a person who is able to administer an oath. When the General Assembly used the term affidavit in the context of the Post-Conviction Hearing Act, it meant precisely an affidavit, which means that the petitioner who is making out a post-conviction petition has to swear out the verification, essentially the truth of the supposed allegations in the petition, to a third party. That third party can then be called upon to testify later on in the proceeding if the defendant ever attempts to renege on his allegations. The difference between a sworn verification and an affidavit is essentially that, the involvement of a third party. And that's precisely what the defendant is attempting to overlook in this case. Now, this court's decision in Rivera has not gone without notice by not only this court, but also by the First District. In 2007, this court, in a case called People v. Rogers, noted that its decision in Rivera, a 2003 case, was foreclosed by the Supreme Court's decision. This court used the language foreclosed. It was foreclosed by the decision in Collins and essentially Beauclair. Beauclair is a second-stage case, and I don't really think that that necessarily foreclosed the decision in Rivera. And I don't know, to a certain extent, whether or not Collins did either. And then the First District, in the case that we're all familiar with, Maria Talachany, People v. Talachany, basically picks up on the same language regarding foreclosure. I don't know that this court's decision in Rivera was foreclosed, but what I do know is this. When this court in Rivera said that a sworn verification can take the place of an affidavit, it essentially rendered the affidavit language in Section 122-1B of the Post-Conviction Hearing Act meaningless surplusage. It said that something less than an affidavit can take the place of an affidavit, and that, quite simply, was incorrect. It doesn't matter. What kind were you relying on, 1B or 1A? Carr relied on – Carr spoke – Carr drew from Niazgoda. Niazgoda addressed 122-2, which is the section labeled contents of the petition. Now, Niazgoda said that the independent corroboration, the contents of the petition section, that those affidavits require notarization. Then Carr applied that holding to basically – it didn't stretch the holding, but it basically said any affidavit under the Post-Conviction Hearing Act needs to be notarized, relying on what the Supreme Court said in Roth, notwithstanding the limited exception in Rovado, but basically an affidavit is an affidavit. It requires notarization. To the extent that this Court said something less in Rivera was incorrect. I believe that addresses the Carr issue, if there are any questions from Your Honors regarding the – I wonder about the argument just that, you know, post-conviction is a civil proceeding. This ought to be enough. Well, I don't think that Section 1109 contemplates that, and I know that the appellate court and Supreme Court decisions that address Section 1109 contemplate that. I mean, Section 1109 says that under any proceeding – I'm sorry, under any filing under this code, and that deals strictly with the code of civil procedure. Now, we can, of course, say that a post-conviction proceeding – I know that, but I don't know that the legislature knew that when it was drafting 51109. I mean, the legislature said under this code. I presume that when they said that, they were speaking only of the code of civil procedure and not necessarily the code of criminal procedure under 725. I – beyond the face of what's in the statute, I can't define more from the legislature's intent. Well, some courts did define it, and they took the position that 5109 did apply to criminal cases. I would say that unquestionably I think it applies to criminal cases, but where the legislature uses the term affidavit specifically in the code of criminal procedure, it's clear to me that the legislature in those specific instances has contemplated something greater than the requirements of 5 – of Section 1109. So, for example – and I think it makes sense, too. If you're considering – if you're considering a post-conviction petition and the way in which it is filed and our concern – our ever-constant concern with successive post-conviction petitions, the ability of a defendant to file a post-conviction petition and then without it having been – without it having been notarized and then later on say, you know what, I never filed that petition, he could attempt to file what we would acknowledge would be a successive post-conviction petition, but then he could deny having ever filed the first one. And then how would we ever truly know that he was the one who filed the first one? I think that is an ever-constant concern in this type of case. Here you have the defendant who relied on the services of another inmate to file his petition. It's clearly labeled in the petition. So, the defendant could say, yeah, another inmate, Darrell Mitchell, who's filed a number of petitions in this court, wrote my petition out for me. He even signed my name to it. But I never asked Darrell Mitchell to do it. And that's not my post-conviction petition. That's the purpose of the notarization requirement. It binds the defendant to his petition. It says the defendant can't simply deny having made out these allegations. That's, I think, we can talk about sworn verifications. And I think in the context of Section 1109, and when we're talking about attorneys using Section 1109 for, say, proof of service or notice of appeal, it makes sense not necessarily to require notarization. You don't often have attorneys going back on their word on these things. But given the concerns attendant to the Post-Conviction Hearing Act, and particularly, I think, the fact that the legislature used the term affidavit ever since the act was enacted in 1950, I'm sorry, 1949, I believe the legislature clearly contemplated something more in the terms of this act. Within the concept of the type of petition it is, the test is, does it state the gist of a constitutional claim? To state the gist of a constitutional claim, it could be very, very, well, very few facts could support the gist of a constitutional claim. And why would the legislature require an affidavit when the element is so misty, gist of a constitutional claim, and so few facts are necessary to satisfy that element? Well, with respect, Your Honor, I think you're looking to the standard for merits as opposed to the procedural requirements that are, I'm sorry, the procedural requirements involved in filling out a successful first-stage, or surviving first-stage post-conviction petition. I mean, the legislature and the Supreme Court has never said that all one needs is a gist. I mean, for example, when the Supreme Court redefined gist in Hodges to include, you know, something that is completely without legal or factual merit, or factual basis or legal merit, they didn't say ignore the rest of the procedural requirements of the act. They didn't say you're free to disregard the sworn verification, the petition, sorry, the defendant's affidavit, or you're free to disregard the fact that your allegations need independent corroboration. They just said once those procedural hurdles have been met, you may dismiss on the basis of a lack of a gist. But I think those elements, a plain reading of the Post-Conviction Act teaches that those elements are designed to be considered in conjunction. Now, a trial court judge could look the other way on all of them, but I don't think there's any requirement that he should, he or she should. And I think, you know, to disregard the procedural requirements of the act itself not only promotes disrespect for the act, but frankly, also for the court that looks the other way. I mean, it's enabled, essentially in Carr, this court took the bold step of saying, you know what, when the legislature used the term affidavit, it really meant affidavit. It meant notarization. It meant involving a third party, and it meant binding the defendant, the petitioner, to the allegations in his petition. It's not just the sanction of perjury that we're talking about. It's about accountability. Well, if we grant the petition and send it back without prejudice because it's procedural, what happens? Well, that's assuming, I guess, that I don't perhaps seek review in a higher court. But all that having been aside, what happens is that the petition would go to a second stage, but it still is maligned by these technical deficiencies. Now, it goes to a second stage. Post-conviction counsel gets a hold of it. The petition gets amended. No, what I'm talking about is we take your position that Carr applies because the petition, just the petition, was not notarized with no affidavit. We dismiss it on your argument. I'm sorry. I'm sorry. Are you saying that you would take the position that I argued in my motion to dismiss? Right. Okay. I would not endorse that at this point in time. And to the extent that I can abandon that in front of you, I would. The reason being is this. Merely because the defendant – I would put it to you this way. The defendant did everything he needed to do to properly commence an action under the Post-Conviction Hearing Act. That doesn't mean that his petition should survive to the second stage. He got a petition in the courthouse doors. It's similar to a 215 in a civil type case. Failure to state a cause of action. In this case, we don't even get to whether or not he stated the gist. All we're saying is the legislature requires a notary, and there's no notary, no affidavit. So we're dismissing it on a procedural basis. We're not even looking at the facts of it. I understand that. To the extent that I said before, though, that I made up the argument that the defendant hadn't properly commenced an action, and therefore the trial court's judgment was void, and therefore this court's jurisdiction was somehow invalid. That was incorrect. That just was. I basically relied, frankly, on Your Honor's opinion in People v. Gawacki and Belpo Toyota. There's nothing that bests a trial court of subject matter jurisdiction over this case and a personal jurisdiction over the defendant. So, frankly, that argument was incorrect. However, the appropriate argument in this case is that there are three procedural bases to affirm the trial court's dismissal of the defendant's post-conviction petition. They are, in addition to the – well, two of them are in addition to this court's decision in Carr. Whether or not he had his petition notarized, the claim in the petition is still waived under the Supreme Court's decision in Blair, and the defendant has still failed to the extent that it's a beyond-the-face-of-the-record claim. The defendant still failed to attach what is required under Section 122-2 of the petition. So while I might be incorrect about – while I may have been incorrect at one point in time about the jurisdictional argument, I'm not incorrect, certainly, about, I think, the procedural and the merits argument. And to focus only on the gist standard in Hodges, as the defendant seems to claim in the reply brief, and he relates back to this 1969 Supreme Court case in Rose, the pre-1983 amendment version, which dealt with the pre-1983 amendment version of the Post-Conviction Hearing Act, that simply is incorrect. There are multiple bases to – upon which to affirm the trial court's dismissal of a first-stage post-conviction petition. This court should stringently apply them, especially as they apply in this case. Are you relying primarily on Carr for your dismissal? No, you're not. No, I'm not, Your Honor. I'm relying on Carr in addition to my argument that I made in the brief in Blair, and I'm relying also upon what I used as a counterfactual situation, which was the case in Shankling, what was essentially also Collins' argument, which is essentially saying that the defendant failed to supply to the extent that his claim – He's saying, I was unfit at the time that I pled guilty, I was unfit at the time that I pled guilty, or the trial court should have somehow sui sponte had a bona fide doubt as to fitness, or that somebody should have raised a bona fide doubt as to fitness. I mean, the state's attorney could have done it too, if somebody sincerely had that bona fide doubt. And the point is, the counterfactual situation that's presented in Shankling is there. The defendant attached on his post-conviction petition, attached supporting the affidavits, records, and other evidence, explaining that he had a well-documented history of mental health problems. Now, the history need not be necessarily well-documented, and indeed in Shankling, it wasn't even all that severe of a history. But the point was, there was at least some support for it. Some support in addition to the petition? Some support in addition to the petition, absolutely. So, I mean, to the extent that it's an off-record claim, I would submit that based on the transcript of the guilty plea hearing, to the extent that it's an off-record claim, it's positively rebutted by the record. The defendant acknowledged that the medication that he was taking was not affecting his cognitive abilities at the time that he took the plea, and that he was accepting the plea voluntarily. To the extent that it's an outside-of-the-record claim, the defendants brought no support for the court to believe that there was a bona fide doubt as to his fitness. So Carr is just merely an additional basis upon which this court can affirm the trial court's dismissal. Thank you, Your Honor. Again, just so I want to be very clear, you're not even getting to the merits. You're suggesting there are three bases based on procedure alone that would affirm, upon which we could affirm the trial court. One, the Carr argument. Two, is Blair that was waiver. And three, that it was unsupported with issues that were beyond the record. I'm sorry. I did briefly, in the context of the brief, say that if the court was willing to overlook waiver, so if the court was willing to look beyond Blair, that the defendant would essentially have to establish, based on the record, because there is no supporting affidavits or material, that there was sufficient basis in the record to establish a bona fide doubt as to fitness. The case that I cited for that would be Sanchez, where there's a capital sentencing jury. The defendant has a very grisly suicide attempt the night beforehand, and even the Supreme Court in that instance said that's not enough to establish a bona fide doubt as to fitness. Fitness and drastic measures, deliberate behavior, something completely different. Thank you very much, Your Honor. Do you wish to respond? Yes, Your Honor. Counsel is correct in noting that Carr set forth the requirements applicable to a traditional affidavit, including notarization, but Carr also stated the exception, which is set forth in 1-109, as certification in civil proceedings. Now, I note that in Rogers, this court noted in a footnote that it had erred in its decision in Rivera. However, that footnote had nothing to do with notarization versus certification, but the court said in that footnote is it erred in Rivera by equating Section 122-1 with the 122-2. In Rivera, the defendant argued that verification on the petition was also a substitute for affidavits under Section 122-2. And subsequently in Collins, the Supreme Court held those are two different requirements, so you have to have verification of the petition, you have to have verification of the affidavits. In this case, in addition, whether that's notarization or certification, either one would apply. Let's say in Rivera that the certification or the verification was notarized, but there are no affidavits. Well, that would not be a substitute. Neither is certification. Finally, I think this data has said that made some reference to the legislature might not have intended 1-109 to apply in post-conviction proceedings because it said something about under this code. Well, the Supreme Court has held that the code governs post-conviction proceedings in the trial court. The Supreme Court rules are applicable to post-conviction proceedings in the appellate court. And this is what distinguishes Roe, which this court cited in Carr, as well as this court's recent decision that came out last week in Hanson. When we're dealing with the Supreme Court rules and there's a requirement of an affidavit, that traditional requirements apply because the code of civil procedure is not applicable to the Supreme Court rules. But under the Post-Conviction Act, there's a statute that applies and it applies here. Thank you. Thank you very much. We'll be in recess. Decision in due time. We're adjourned. We're adjourned.